UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERMAINE MCADORY,

        Plaintiff,

        v.         Case No. 14-C-941

ABDUL KHAZI,

        Defendant.

ORDER DENYING PLAINTIFF'S REQUEST
FOR AN EXTENSION OF TIME TO FILE HIS NOTICE OF APPEAL

On October 5, 2016, the court entered an order granting defendant's motion for summary judgment and entered judgment. It also informed plaintiff that to appeal the decision, he must file a notice of appeal within thirty days. Plaintiff was further advised that to extend the thirty-day deadline he must timely request an extension and show good cause or excusable neglect for not being able to meet the deadline. On November 9, 2016, more than thirty days after the court entered judgment, plaintiff filed a Notice of Appeal.

Nine days later, the Seventh Circuit ordered plaintiff to explain why his appeal should not be dismissed for lack of jurisdiction. The Seventh Circuit also notified plaintiff of the steps he must take to request an extension of the deadline for filing a notice of appeal. Plaintiff then filed a motion for leave to appeal in forma pauperis on November 29, 2016; the motion did not request an extension of the deadline.

In a December 1, 2016, letter filed in this court, plaintiff explained why he filed his notice of appeal five days after the deadline. He indicated that he was filing the letter in response to this court's order. However, because this court had not entered an order

requiring a response from plaintiff, it assumed that the order had come from the Seventh Circuit. As a courtesy to plaintiff, the court forwarded the letter to the Seventh Circuit. The court did not understand plaintiff's response to the Seventh Circuit's order to be a request that this court extend his deadline to appeal.

On January 10, 2017, the Seventh Circuit ordered defendant to file a statement advising it whether this court had ruled on his Rule 4(a)(5) motion for an extension of time to appeal. If not, defendant was to ask this court when a ruling was expected. He did on January 17, 2017.

In light of the Seventh Circuit's order to defendant, this court now construes plaintiff's December 1, 2016, letter as a motion to extend his deadline to appeal but will deny that motion for the reasons explained below.

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). To be timely, a plaintiff must file a notice of appeal within thirty days after final judgment is entered. 28 U.S.C. § 2107; Fed. R. App. P 4(a)(5). A district court has discretion to grant a motion for extension of time to appeal if the moving party shows "good cause" or "excusable neglect." Fed. R. App. P. 4(a)(5)(A)(ii).

The good cause standard applies in situations where there is no fault (*e.g.*, the postal service fails to deliver a notice of appeal), while the excusable neglect standard "refers to the missing of a deadline as a result of things such as misrepresentations by judicial officers, lost mail, and plausible misinterpretations of ambiguous rules." *Prizevoits v. Ind. Bell Tel. Co.,* 76 F.3d 132, 133-34 (7th Cir. 1996).

Plaintiff explains that he does not have his own mailbox and is relying on his mother's mailbox. He states that he does not go to his mother's house daily and his mother does not regularly call him. By the time plaintiff picked up the court's order from his mother's house, "he was at the deadline of his appeal process." (Doc. 108.)

Because plaintiff concedes that the events leading to his late filing were in his control, the court must consider whether he has shown excusable neglect for failing to timely file his notice of appeal. He has not.

The excusable neglect standard is a strict one; "few circumstances will ordinarily qualify." *Reinsurance Co. Of Am. v. Administratia Asigurarilor de Stat,* 808 F.2d 1249, 1251 (7th Cir. 1987). The most important factor is the reason for the delay. *Satkar Hospitality, Inc. v. Fox Television Holdings*, 767 F.3d 701 (7th Cir. 2014). "To establish excusable neglect, the moving party must demonstrate genuine ambiguity or confusion about the scope or application of the rules or some other good reason for missing the deadline . . . ." *Id.*

The only reason plaintiff offers is that he did not go to his mother's house to pick up his mail. That's not *excusable* neglect—that's just plain neglect, which is insufficient to warrant an extension. *See id. at 708.* "[A]n extension of time requires a *reason*, not just a request for a favorable exercise of discretion." *Id.* (emphasis in original). Because plaintiff offers no other basis for a finding of excusable neglect,

IT IS ORDERED that plaintiff's request for an extension of time to file his notice of appeal (Doc. 108) is DENIED.

A copy of this order will be sent by my clerk to the Clerk for the Seventh Circuit, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

Dated at Milwaukee, Wisconsin, this 18th day of January, 2017.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U.S. District Judge